Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 68551.—Hub Distributors, Inc. v. United States, protest 60/16301 (Boston).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise and issues herein are similar in all material respects to those the subject of *United States* v. *Schmidt Pritchard & Co. et al.* (47 CCPA 152, C.A.D. 750), the claim of the plaintiff was sustained.

No. 68552.—Lafayette Brass Mfg. Co., Inc. v. United States, protests 61/24385, 62/2357, and 62/2738 (New York).

Opinion by Lawrence, J. In accordance with stipulation of counsel that the merchandise consists of rotary lawn sprinklers or metal parts thereof similar in all material respects to those the subject of *The Durst Mfg. Co., Inc.* v. *United States* (50 CCPA 56, C.A.D. 820), the claim of the plaintiff was sustained.

No. 68553.—Victor England Agencies, Inc., et al. v. United States, protests 61/20615, etc. (San Francisco).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of hanging paper similar in all material respects to that the subject of *Victor England Agencies, Inc.* v. *United States* (50 Cust. Ct. 83, C.D. 2394), the claim of the plaintiffs was sustained.

No. 68554.—Victor England Agencies, Ltd., et al. *v.* United States, protests 63/14282, etc. (San Francisco).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of hanging paper similar in all material respects to that the subject of *Victor England Agencies, Inc.* v. *United States* (50 Cust. Ct. 83, C.D. 2394), the claim of the plaintiffs was sustained.

No. 68555.—Linden Equipment Corp. *v.* United States, protest 60/10406 (Los Angeles).

FORD, Judge: This is substantially a retrial of the issues presented and decided in the case of *Linden Equipment Corporation* v. *United States*, 47 Cust. Ct. 280, Abstract 65966, wherein certain three-wheeled vehicles, known as "Motocarts," and parts were held to be properly subject to classification as "Machines, finished or unfinished, not specially provided for: * * * Other * * *," at the rate of 13¾ per centum ad valorem under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739. In both instances, it was contended that said Motocarts are properly entitled to entry free of duty under the provisions of paragraph 1604 of the Tariff Act of 1930 as agricultural implements. The claim in the protest in the original case, *supra*, as well as in the case presently before the court, under the provisions of paragraph 369(b), Tariff Act of 1930, not having been pressed, was in the original case deemed abandoned, and is in the present case deemed abandoned.

The record in Abstract 65966, *supra*, has been incorporated herein. Judge Rao, in writing the opinion in the incorporated case, presented the issues succinctly and clearly as follows:

Whether or not the subject mechanisms are agricultural implements within the purview of said paragraph 1604 depends, under settled law, upon whether or not they constitute a class of articles chiefly used for agricultural purposes, that is to say, for the production of food or clothing for human existence. *United States* v. *Boker & Co.*, 6 Ct. Cust. Appls. 243, T.D. 35472; *United States* v. *Spreckels Creameries, Inc.*, 17 C.C.P.A. (Customs) 400, T.D. 43835.

Chief use is a question of fact, the determination of which depends upon proof of use throughout an adequate cross-section of the country, of an adequate proportion of the class of merchandise under consideration. *United States* v. *S. S. Perry*, 25 C.C.P.A. (Customs) 282, T.D. 49395; *L. Tobert Co., Inc., et al.* v. *United States*, 41 C.C.P.A. (Customs) 161, C.A.D. 544. While the testimony of a single witness may suffice to establish chief use, it must appear that he is qualified by training, experience, and knowledge to comprehend the function of the article and to be informed of its uses by the area of the population to which it is ordinarily and ultimately sold. *Klipstein* v. *United States*, 1 Ct. Cust. Appls. 122, T.D. 31120; *Catton, Neill & Co. (Ltd.)* v. *United States*, 11 Ct. Cust. Appls. 278, T.D. 39084.